## L. B. Robinson & Co. *v.* Board of Supervisors of Amite County.

**Revenue Law — Clause Exempting Property from Taxation — Constitutionality.**

A clause in a revenue law exempting certain property from taxation may be unconstitutional and void, but the law imposing the tax is not thereby rendered void. If the exemption is void the law should be read as if the exception had not been made.

Appellants were the owners of a number of bales of cotton which they had purchased for the purpose of re-sale, but which were produced in this State. This cotton was regularly and legally assessed for taxes in the year 1881. The appellants filed their petition to the Board of Supervisors of Amite county, where the cotton was located, to correct the assessment roll by striking that item from it. The board denied the prayer of the petition, from which the petitioners appealed to the Circuit Court, where the judgment appealed from was affirmed. The petitioners then appealed to the Supreme Court. They contend that section 468 of the Code of 1880 is unconstitutional and void, being violative of section 20, article 12, of the Constitution, which provides that "taxation shall be equal and uniform throughout the State; all property shall be taxed in proportion to its value to be ascertained as directed by law."

Appealed from Circuit Court, Amite county, J. B. Chrisman, Judge.

Affirmed, March 6, 1882.

*Attorney for appellant, B. F. Johns.*

*Attorney for appellee, T. C. Catchings, Att. Gen.*

Brief of B. F. Johns:

Appellants, being the owners by purchase of certain bales of cotton, the agricultural produce of Mississippi, applied to the Board of Supervisors of Amite county, at the proper time, to strike this property from the assessment roll.

The board admitted the facts set forth in the petition, but denied the prayer of appellants. From this action, petitioners appealed to the Circuit Court, which affirmed the judgment of the board. Appellants now assign this action as error.

That the assessment is in accordance with section 468, Campbell's Code, is not denied, but the question is submitted, whether this statute is not in violation of the Constitution of Mississippi. Section 20, article 12, of that instrument, provides that "Taxation shall be equal and uniform throughout the State; all property shall be taxed in proportion to its value to be ascertained as directed by law."

The Constitution does not itself levy any tax whatever, nor does it point out specifically the objects of taxation. These matters are left to the discretion of the Legislature, and it has been held since the adoption of the fundamental law that in the exercise of this discretion the legislative power may define the subjects of assessment, leaving exempt such property as may be deemed for the public good. This discretion, however, is not *arbitrary,* for the section above quoted limits the power by imposing upon the Legislature the restriction that in the levy of taxes "equality and uniformity" must be observed.

What is the meaning of the terms "equal" and "uniform"? Webster defines "equal" as "not disagreeing in quantity, degree, or value," "evenly balanced," "dictated or characterized by fairness," "just," "equitable." He defines the word "uniform" as "agreeing with each other;" "conforming to one rule or mode."

The meaning, then, of the Constitution is, that taxation must be dictated or characterized by fairness; that taxation upon an individual must agree with that imposed upon another; that a higher rate cannot be imposed upon the property of one than is imposed upon like property of another.

The levy of a poll tax of $2 upon each colored man, white men paying only $1, would most assuredly be in violation of section 20, as would also be a statute exempting certain property of whites and imposing a tax upon like property of blacks. The act imposing a license tax upon lawyers would clearly violate section 20 if it exempted native Mississippians or any other class of that profession.

I hold this to be the spirit of the twentieth section as to exemptions, that the property exempted must remain so in whosoever

hands it may come. All owners of like property must have like exemption, otherwise uniformity is destroyed. If certain property is exempt because it belongs to a *class* of individuals, while the same kind is taxed because it belongs to a different class of persons, then there is want of uniformity, the burden of taxation falls unequally.

It may be urged that the Legislature has power to make exemptions by reason of the *use* to which the property is applied. If this proposition be true, which I much doubt, it does not apply in this case, for the exemption is not by reason of the *use,* for it is well known that producers of cotton hold the same for sale, as purchasers do.

In the case of Mississippi Mills *v.* Cook, 56 Miss. 68, Justice Chalmers uses this language: "The requirement of uniformity means that all property belonging to the same class shall be taxed alike; so that all horses shall be taxed at the same rate, and all lands or stocks or merchandise. There is to be no discrimination between property of the same class, and it shall not be competent to levy one rate upon country lands and another upon city lands, or one rate upon horses of one breed and another upon horses of a different breed."

Judge Simrall, in the same case (p. 60), says, speaking of section 20: "The section does not necessarily require that all property in the State at the time of the assessment must be taxed. It does not take away from the Legislature the discretion to select subjects. But when the selection is made, all property of that *sort* must bear its proportional part of the burden." Again, "The Legislature is prohibited to enact an unjust, unequal and discriminating law."

What is the difference in principle, whether we entirely exempt the property of "A" because it belongs to him, or levy upon it a less tax than is imposed upon like property belonging to his neighbor? If a certain sort of property in *my hands* is entirely exempt, while the same in possession of my neighbor (both holding for the same purpose) is subjected to taxation, can it be said "there is no discrimination or invidious distinction?"

The revenue law under which this assessment is made exempts from taxation "all farming produce raised in this State in the hands of the producer." Code, § 468.

If the Constitution does not bear me out in the assertion that

this statute is neither "equal nor uniform," then this section 20, article 12, is of little, if any, value. There cannot be a doubt that this section was inserted for a wise purpose. Its object is clearly to prevent the taxing power to make class distinctions. Such distinctions had existed in prior laws. Different rates of taxation had been imposed upon different kinds of property. Invidious distinctions had been made. Where the *ad valorem* rule was adopted, the rate varied as to the kind of property. In other cases the imposition was specific and burdensome, out of all proportion to value. Inequality and want of uniformity were the evils sought to be cured, and for that purpose section 20 was adopted, which declares "that taxation shall be equal and uniform."

If we enforce this statute, which imposes a tax upon cotton because in the hands of a purchaser, while it exempts the same in possession of the producer, then I would ask, when, and under what circumstances, does section 20 have effect? If the Legislature has the power to impose discriminating taxes upon certain classes of individuals *as to their property,* then does not section 20 become as Dead Sea apples? Has not the Legislature after all the same omnipotent power to impose taxes and make distinctions as to classes claimed by the English Parliament, notwithstanding it was thought that the Constitution had imposed restraints upon the exercise of this high prerogative of sovereign will?

This clause in the revenue law violates the Constitution of the United States, for by its terms the farming produce of Tennessee, when brought into this State, although still in the hands of the producer, becomes liable to taxation; thus making a broad distinction between *home* produce and that of our sister States. By its terms, burdens are imposed upon the productions of Alabama from which we exempt our own. In the case of Guy *v.* the City of Baltimore, 100 U. S. Rep. 439, the Supreme Court of the United States say: "It must be regarded as settled that no State can consistently with the Federal Constitution impose upon the products of other States brought therein for sale or use, or upon citizens because engaged in the sale therein or the transportation thereto of the products of other States, more onerous burdens than it imposes upon like products of its own territory." Under this decision, made in March, 1880, the statute (section 468) imposing taxes on the agricultural products of other States is clearly void

by reason of the exemption of our own. A law void as to one is void in *toto*.

It may be said that the exemption is void and that the statute ought to stand. If this should be the ruling, then the Legislature can easily evade the restrictions under which it is placed, for those who get the benefit of the exemption will not complain, and others are not likely to do so when there would be no relief for them. As the Constitution does not itself levy any tax, and, as in this case, the Legislature has refused to subject the farming produce raised in this State in the hands of the producer, it cannot therefore be reached by any act of the courts or of the executive officers, and taxation of farming produce can only be equalized by declaring the statute void which imposes any tax whatever upon that part in the hands of the purchaser. In the case of Guy *v.* Baltimore, above quoted, this question is settled, for, by reason of the *exemption* contained in the Maryland statute, the court declared the law to be void. In the cases of Ward *v.* Maryland, 8 Wall. 418, and Weltom *v.* Missouri, 91 U. S. 275, the court held void the respective statutes of those States, because each contained a provision exempting home products from the burdens imposed. These decisions of the highest court in the land declare that the statute itself must be set aside instead of treating the proviso or exception as null. The court announces the principle that the proviso or exception which releases *home* products from the taxation imposed upon others renders the whole law nugatory.

As under these decisions, all owners of outside-raised cotton, acquired by purchase or otherwise and brought into this State, are clearly exempt from taxation, it follows that to enforce our statute as to purchasers of *home products* makes inequality among purchasers themselves. For those residing upon the border can buy cotton from across the line and hold the same free, while those who buy in the interior will be taxed upon their purchases, and thus taxation will not be "equal and uniform," even among buyers.

As the evident intent of the framers of the Constitution was to deny to the Legislature the power to impose unequal burdens in the way of taxation, it becomes the duty of the courts to hold *void* such acts as are evidently intended, and which do make invidious distinctions between owners of the same sort of property, and that without regard to the use to which it may be

applied. This doctrine will not deprive the Legislature of the power to encourage any particular branch of industry by exempting the machinery, etc., employed therein, for all who choose to own such property would have the full benefit thereof.

Believing the views herein expressed to be correct, I ask that the judgment of the Circuit Court be reversed, and that such decree be made as will relieve the petitioners from the tax imposed.

Brief of T. C. Catchings, Attorney-General:

If it be true that the cause of the revenue law exempting "all farming produce raised in this State in the hands of the producers," is violative of the Constitution, it does not follow that the whole law defining what property shall be taxed is void; therefore in no view can the plaintiff in error claim the relief asked.

If the clause be violative of the Constitution, it is a nullity, but the balance of the law is not affected.

In Williams v. Cammack, 5 Cush. 218, Judge Handy, referring to a similar objection, said: "If this were admitted (that is, that the exemption of certain property was in violation of the Constitution), it would not destroy the whole act, for it is well established that one part of an act may be unconstitutional and void, and other parts of the act, not necessarily dependent upon it, be valid. And this objection, while it might be good ground for subjecting the property referred to, to a tax, furnishes no sufficient reason why the appellants' land, not embraced by the obnoxious section of the act, should not be subjected to the operation of those parts of the act embracing them, and which are in themselves not liable to constitutional objection." See also opinion of Judge Miller in Muscatine v. R. R. Co., 1 Dillon, 542 et seq.

The cases cited by counsel do not militate against the foregoing view, nor do they hold that the clause under consideration violates the Federal Constitution. All those cases are in every material particular different from this one.

If it was necessary to uphold the judgment of the court below, I would discuss the question as to whether the clause violates the State Constitution, and it could readily be shown that it does not. But inasmuch as in no view of the case can the plaintiff in

error proceed, it is deemed unnecessary to trouble the court with a discussion of that question.

OPINION.—CAMPBELL, J.:

The contention of the appellants is that section 468 of the Code of 1880 is unconstitutional because it exempts "all farming produce raised in this State in the hands of the producer." If that be true, it is also true that the cotton of appellants is subject to taxation, and was properly retained on the assessment roll.

The idea that, because the exception contained in the exempting clause of the statute is unconstitutional and void, the law is void, is not admissible. If the exception is void, the law is to be read as if the exception had not been made, and that would make everything taxable, including the cotton of appellants. People *v.* McCreery, 34 Cal. 432.

It follows from any view of the section exempting certain property from taxation that the appellants have no right to complain that their cotton was assessed. If section 468 of the Code is valid, their cotton was properly assessed, and if it is void, the same result follows.

*Judgment affirmed.*